

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

handwritten note: *Superseded by Art. 3.03, Texas Election Code (enacted in 1951).*

Honorable A. M. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion No. O-4687
Re: Is a person who is related by blood or marriage in any degree to a candidate for public office disqualified to serve as a judge, clerk or supervisor of the election?

Your letter of June 27, 1942, requesting the opinion of this department on the above stated question reads as follows:

"I have been asked to obtain your opinion on the following matter:

"'Is a person who is related by blood or marriage to a candidate for public office disqualified to serve as judge, clerk or supervisor of the election?'

"I enclose my brief on the question, and it will be greatly appreciated if your opinion can be received before July 25, 1942."

Article 2939, Vernon's Annotated Civil Statutes, prescribes the qualifications of supervisors, judges and clerks of any general or primary election and reads as follows:

"All supervisors, judges and clerks of any general or primary election shall be qualified voters of the election precinct in which they are named to serve."

Article 2940, Vernon's Annotated Civil Statutes, sets out the disqualifications of supervisors, judges and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR ...

Honorable A. M. Pribble, Page 2

clerks of any general or primary election and provides:

"No one who holds an office of profit
or trust under the United States or this
State, or in any city or town in this State,
or within thirty (30) days after resigning
or being dismissed from any such office, ex-
cept a notary public, or who is a candidate
for office, or who has not paid his Poll
Tax, shall act as judge, clerk or supervisor
of any election; nor shall any one act as
chairman or as member of any District, County
or City Executive Committee of a political
party who has not paid his Poll Tax, or who
is a candidate for office, or who holds any
office of profit or trust under either the
United States or this State, or in any city
or town in this State; or who may be enjoy-
ing gratuitous passage on street cars or on
other public service corporations, by reason
of his appointment as a special policeman;
or any one who has any connection, whatever,
with the city, whereby the city is justified
in issuing to any such person free transpor-
tation on the street cars, or franks entitl-
ing him to the free use of public service
corporations, or any person who is regularly
employed in any capacity by the city for whose
services a salary or wages is paid, except a
notary public."

There is nothing in Article 2940, supra, that pro-
hibits a person who is related by blood or marriage, in any
degree, to a candidate for public office from acting as a
judge, clerk or supervisor of any general or primary election.
If the person who is related by blood or marriage to a can-
didate for public office, in any degree, has qualified under
Article 2939, supra, and possesses none of the disqualifica-
tions set forth in Article 2940, supra, such person is legal-
ly entitled to act as a judge, clerk or supervisor of any
general or primary election. Therefore, we respectfully ans-
wer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 7, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

AW:GO